Joshua Blum (SBN 249082)
Email: jblum@blumlaw.co
**BLUM LAW FIRM**
1600 Rosecrans Avenue
Building 7, 4th Floor
Manhattan Beach, CA 90266
Telephone: 310-620-7172

Matthew C. Heerde (SBN 241771)
Email: mheerde@heerdelaw.com
**HEERDE LAW PLLC**
48 Wall Street 31st Floor
New York, NY 10005
Telephone: 347-460-3588

*Attorneys for Plaintiffs* OLIVIA ANNE QUILLIN
P/K/A SWSH and FUTURE BOUNCE LIMITED
D/B/A FUTURE BOUNCE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA ANNE QUILLIN, professionally known as SWSH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> YEEZY RECORD LABEL, LLC, et al., <br><br> Defendants. | Case No.: 2:26−cv−01498−CAS−ADS <br><br> **PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> Hearing Date: August 3, 2026 <br> Hearing Time: 10:00 a.m. <br> Courtroom:     8D <br> Judge:     Hon. Christina A. Snyder |

1

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The sole opposition to Plaintiffs' motion—filed by Defendant Yeezy Record Label, LLC ("**YZY**")—does not in fact oppose Plaintiffs' request for leave to file the proposed Second Amended Complaint ("**SAC**").  Indeed, YZY's opposition confirms that YZY "has no major issue with the filing of a Second Amended Complaint." (ECF No. 54, p. 2.)  The Court, therefore, should grant the instant motion and permit Plaintiffs to file their proposed SAC.

YZY dedicates its opposition papers, instead, to requesting inappropriate, premature relief relating to YZY's own pleading.  Specifically, YZY requests this Court order that, once Plaintiffs' SAC is filed and served, YZY's current answer (ECF No. 38) to Plaintiffs' First Amended Complaint ("**FAC**") be deemed YZY's answer to the SAC, *and YZY requests that "[n]o right to challenge [YZY's] existing Answer . . . be revived by filing the SAC"* (Opp. at 3)—*that is, that Plaintiffs' asserted deadline to challenge that Answer not restart*.  As discussed below, this request by YZY seeks an improper advisory opinion on future obligations that have not yet arisen, seeks to insulate and preserve several deficient and improper responses in YZY's current answer to the FAC, and YZY attempts to justify its request by exaggerating the holdings in the relevant caselaw.  YZY's request is inappropriate and should be denied.

## II.    ARGUMENT

### A.    Leave To Amend Should Be Granted.

YZY's papers do not oppose granting leave for Plaintiffs to file their proposed SAC.  YZY's papers confirm that YZY "has no major issue with the filing of a Second Amended Complaint." (ECF No. 54, p. 2.) Nor could YZY show any basis to deny leave.  Plaintiffs' motion is not untimely, the proposed pleading is not futile, and granting Plaintiffs' motion would cause no prejudice.  The two

2

defendants affected by the amendment, defendants Tyrone Griffin Jr. and Too Lost, LLC have consented to the amendment.

The Court should thus grant the motion and permit Plaintiffs to file the proposed SAC submitted in Plaintiffs' opening papers at ECF No. 50-2.

**B.      The Court Should Deny YZY's Request to Insulate and Preserve YZY's Improper Responses to Plaintiffs' FAC.**

Having conceded the amendment, YZY's opposition papers request this Court order that, once Plaintiffs' SAC is filed and served, YZY's current answer (ECF No. 38) to Plaintiffs' First Amended Complaint ("**FAC**") be deemed YZY's answer to the SAC, and YZY requests that no right to challenge any aspect of YZY's answer to the SAC be revived by the filing of the SAC.  For at least the following reasons, YZY's request is improper and should be denied.

*First*, the relief YZY seeks is premature and procedurally improper.  The time has not yet arrived for YZY to file or not file a new answer to Plaintiffs' forthcoming SAC, so the Court should not now advise the parties on whether YZY shall do so and what relief other parties may seek thereafter.  This is a motion for leave to file an amended complaint, not a forum for YZY to preemptively obtain relief concerning the sufficiency of its own pleading or other parties' right to challenge same.[1]

*Second*, YZY overstates the import of the caselaw to the improper relief YZY seeks in its opposition.  *KST Data* principally stands for the proposition that a defendant is not required to file a new answer, and therefore does not waive its affirmative defenses, when an amended complaint does not change the theory or

---

[1] YZY's opposition focuses intently on a single sentence in ¶ 5 of Plaintiffs' proposed order concerning the filing of answers to the proposed SAC. (See ECF No. 54 at 2–3 (quoting ECF No. 50-5 ¶ 5).) YZY misconstrues paragraph 5 of the Proposed Order, however, because the proposed order does not preclude a defendant from electing to rely on an earlier-filed answer to answer the SAC.

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES

scope of the case against that defendant. *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020). *KST Data's* holding is a shield against waiver of defenses. *KST Data* does not prohibit a plaintiff from challenging the sufficiency of an existing answer's responses to factual contentions in a new pleading.

*Third*, YZY's premise—that Plaintiffs' time to challenge its Answer "expired" on June 12, 2026—rests on a distortion of the amendment process. An amended complaint supersedes the original, "the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011). Only once a new amended complaint is filed can an existing answer become operative as to that new complaint. Under this Court's Local Rules, a defendant that has appeared "is deemed served" with the amended pleading "when the Court . . . grants the . . . [m]otion for leave to amend," C.D. Cal. L.R. 15-3, and any response deadline runs from that service date. Fed. R. Civ. P. 15(a)(3). The deadline to challenge the answer to the newly operative complaint cannot have lapsed before the newly operative complaint is deemed to exist.

Indeed, Ninth Circuit precedent and the federal rules permit Rule 12 challenges even after the 21-day deadline has passed, further refuting YZY's insistence that deadlines for challenges to its answer have "expired." "[A] party has the right to challenge the legal sufficiency of a defense at any time," and "Rule 12(f) clearly permits a Court on its own initiative, at any time, to strike." *United States v. Wang*, 404 F. Supp. 2d 1155, 1157 (ND Cal 2005). YZY's condition would foreclose these options—something no litigant can stipulate away, and for which YZY offers no support.[2]

---

[2]YZY's position would seemingly have required Plaintiffs to file any Rule 12 challenge to YZY's existing answer while at the same time moving to file Plaintiff's SAC, which motion then, presumably, YZY would have argued was mooted by a new answer to the new complaint.

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Finally, it is a wonder that YZY would not take the opportunity to fix the several critical defects in its pleading, particularly when its failure to respond to ¶ 36 would be deemed an admission of the allegations therein.  Fed. R. Civ P. 8(b)(6).  Additionally, YZY's insistence that it lacks knowledge or information sufficient to form a belief as to allegations precisely within its knowledge is arguably frivolous and would be subject to a Rule 11 motion.[3]  The law permits YZY to direct its existing answer to the SAC, but the law does not permit YZY to respond to Plaintiffs' factual allegations as YZY has done and proposes to do.

## III.    CONCLUSION

YZY does not oppose the relief sought, nor did it put forth any valid grounds to deny leave to amend.  Plaintiffs, therefore, respectfully request that the Court grant this Motion for leave to file the proposed Second Amended Complaint and further deny the relief sought in YZY's opposition papers.

Dated: July 20, 2026

Respectfully submitted,
BLUM LAW FIRM

By:/s/ Joshua Blum
Joshua Blum
*Attorneys for Plaintiffs*
OLIVIA ANNE QUILLIN P/K/A SWSH
and FUTURE BOUNCE LIMITED
D/B/A FUTURE BOUNCE

---

[3] YZY answer improperly asserts that YZY lacks knowledge or information sufficient to admit or deny allegations that are certainly within YZY's own knowledge or control, including FAC ¶¶ 4, 41, 50, 51, and 60 regarding YZY's role in releasing and distributing the albums Vultures 2 and Donda 2 and "530," and whether YZY's representatives received communications from Plaintiffs' representatives about the infringement.

5

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES

HEERDE LAW PLLC


By:/s/ Matthew Heerde
    Matthew Heerde
    *Attorneys for Plaintiffs*
    OLIVIA ANNE QUILLIN P/K/A SWSH
    and FUTURE BOUNCE LIMITED
    D/B/A FUTURE BOUNCE

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES

The undersigned, counsel of record for plaintiffs, certifies that this brief contains 1,211 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 20, 2026

Respectfully submitted,
BLUM LAW FIRM


By:/s/ Joshua Blum
    Joshua Blum
    *Attorneys for Plaintiffs*
    OLIVIA ANNE QUILLIN P/K/A SWSH
    and FUTURE BOUNCE LIMITED
    D/B/A FUTURE BOUNCE

7

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES